# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY O'NEAL** | **CIVIL ACTION** |
| **VERSUS** | |
| **UNIVERSAL PROTECTION SERVICE, LLC, ET AL.** | **NO. 21-00737-BAJ-SDJ** |

## RULING AND ORDER

This an employment dispute. Now before the Court is Defendants' **Motion To Dismiss Under Rule 12(b)(6) (Doc. 6)**, seeking dismissal of Plaintiff's action on two grounds: First, Plaintiff's counsel has engaged in shotgun pleading, throwing everything but the kitchen sink into Plaintiff's Complaint and making it impossible for Defendants to accurately understand the scope and nature of Plaintiff's claims; second, despite counsel's scattershot approach, Plaintiff's individual claims fail because the allegations do not establish all essential elements. Plaintiff opposes Defendants' motion, in part. (Doc. 7).

For reasons to follow, Defendants' motion will be granted. In sum, Plaintiff's claims of retaliation (under federal and state law), intentional infliction of emotional distress, veteran's benefits discrimination (under state law); and violations of the Family Medical Leave Act will be dismissed with prejudice, due to Plaintiffs' failure to offer any opposition to dismissal of these claims. Further, Defendant Gary Marino will be dismissed with prejudice from this action. Plaintiff's remaining claims against Defendant Universal Protection Service, LLC ("Universal") will be dismissed without prejudice, subject to Plaintiff's right to submit an amended complaint within 21 days

of the date of this Order.

## I. RELEVANT BACKGROUND

As set forth below, Federal Rules of Civil Procedure ("Rule") 8(a)(2), and 10(b), read together, require a Plaintiff to set forth his claim in "a short and plain statement" comprised of "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's meandering Complaint runs far wide of these Rules, effectively obscuring the substance of his claims. Still, under a close eye, the following allegations can be separated from the chaff:

Universal provides private security services to clients in and around Baton Rouge, Louisiana. In August 2019, Universal hired Plaintiff, an Army veteran, and assigned him to work at the Ion Student Apartment Complex. (Doc. 1-1 at ¶¶ 7, 12). When he was hired, Plaintiff informed his supervisor, Defendant Gary Marino, of unspecified "disabilities to his back and knee," which require Plaintiff "to take medication" (for back pain) and to wear "a knee brace." (*Id.* at ¶¶ 8, 11).

After three months at the Ion, Plaintiff was promoted to Weekend Supervisor. (*Id.* at ¶ 13). And while this may have seemed a positive step, it resulted in a series of misfortunes. First, a colleague undermined Plaintiff's supervisory authority by instructing Plaintiff's direct reports to report to *him* (the colleague) rather than to Plaintiff. (*Id.* at ¶¶ 14-15). Due to this colleague's "misguided action," Plaintiff "was not contacted or notified" about "a huge party" that erupted at one of Universal's properties. (*Id.* at ¶ 15). Instead, Plaintiff learned of the party by happenstance, "while on duty around 1 a.m." (*Id.*). Despite the confusion, Plaintiff still managed to "shut the party down." (*Id.*).

After this "incident," Plaintiff resigned his supervisory role and asked Marino to assign him back to regular patrol at the Ion. (*Id.* at ¶¶ 15-16). Marino initially complied with Plaintiff's request. (*Id.* at 17). One week later, however, Marino reassigned Plaintiff to the Redpoint Apartment Complex. (*Id.* at 17). Defendant protested, telling Marino that "he was being setup [sic] for failure" because "he could not perform the job duties of that site." (*Id.*). Marino responded that Plaintiff's reassignment "was based on tenure." (*Id.* at ¶ 18). Plaintiff then suggested that he be assigned to the Alight Apartment Complex instead, explaining that Alight "was much smaller" and that he could work there "within the guidelines of physical disability limitation(s)." (*Id.* at ¶ 19). Marino ignored this suggestion. (*Id.*).

Shortly after he began working at Redpoint, Plaintiff "fell" on patrol, "injuring his knee and back." (*Id.* at ¶ 20). Plaintiff reported his injuries and, in response, Marino directed Plaintiff to obtain "a completed form from his doctor outlining his physical limitations." (*Id.*).

Plaintiff returned to work two weeks later, and was reassigned to "Blue Cross/Blue Shield" ("BCBS"), yet another worksite. (*Id.* at ¶ 20). Plaintiff patrolled BCBS without incident until June 7, 2021, "when he was accused of being rude to a board member at Blue Cross/Blue Shield." (*Id.* at ¶ 22). This accusation resulted in Plaintiff being reassigned yet again, this time to a "temporary position" at an "Entergy construction work site." (*Id.* at ¶ 24). Plaintiff alleges that the "[t]he Entergy site is probably the worst working site that can be given to senior [sic] citizen disabled worker":

3

> This site has no indoor facilities and a portable toilet that the construction workers use all day for security [sic] to use at night. Employees are limited to your [sic] personal vehicle, with your [sic] windows rolled up for air conditioning, and if employees lower their windows the bugs will eat you [sic] alive. Plus, the company does not even provide any water for your [sic] hydration.

(*Id.* at ¶ 25).

Since been assigned to the Entergy site, Plaintiff has made multiple requests for a transfer. These requests "fell on deaf ears," putting Plaintiff "under the impression that he was being forced to quit." (*Id.* at ¶ 27). Despite this "impression," it does not appear that Plaintiff has quit his position (or been terminated, for that matter). Still, on September 28, 2021, Plaintiff obtained a "right to sue letter" from the U.S. Equal Opportunity Commission, allowing Plaintiff to pursue unspecified claims for violations of the "Americans With Disabilities Act, ADAAA, and Title VII of the Civil Rights act [sic] of 1964." (*Id.* at ¶ 34).

Plaintiff's Complaint is leavened with multiple additional allegations that are not obviously related to his claims, including that at some unspecified time he suffered derogatory and homophobic slurs from two coworkers, which resulted in an investigation and disciplinary action against each coworker. (*Id.* at ¶ 20).

## II.   PROCEDURAL HISTORY

Plaintiff initiated this action on December 8, 2021 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana. (Doc. 1-1). Plaintiff's Complaint alleges nine "claims for relief": (1) unspecified "discrimination" under the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.* (the "LEDL"); (2) unspecified "reprisal" on the basis of disability, in violation of LEDL §§ 23:323 and

4

23:967; (3) "attorneys fees" under LEDL § 23:303; (4) "harassment and intentional infliction of emotional distress"; (5) unspecified "violations of federal law including Americans With Disabilities Act, ADAAA, and Title VII of the Civil Rights act [sic] of 1964 as amended"; (6) unspecified "Disability Discrimination" under LEDL § 23:323; (7) unspecified "Veterans" discrimination under LEDL § 23:331; (8) "Disability Discrimination in Federal Law" due to Universal's failure "to provide reasonable accommodation [sic]"; and (9) "violations of laws under Family and Medical Leave Act's [sic]" for "constructive termination of [Plaintiff] while seeking medical attention." (Doc. 1-1 at ¶¶ 30-38).

On December 30, 2021, Defendants removed Plaintiffs' action to this Court, invoking federal question jurisdiction based on Plaintiff's federal employment discrimination claims. (Doc. 1 at ¶¶ 5-8).

Now, Defendants seek dismissal of Plaintiffs' action, arguing first that Plaintiff's counsel has engaged in shotgun pleading, and second that, in any event, Plaintiff's allegations do not establish the essential elements of his claims. Plaintiff has submitted an untimely opposition, opposing Defendants' motion in part. (Doc. 7).[1]

### III. DISCUSSION

#### A. Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against

---

[1] Defendants urge the Court to disregard Plaintiff's untimely opposition—which was filed one day late without explanation or request for leave—and deem their Motion unopposed. (Doc. 8 at pp. 1-2). The Court declines this invitation, but nonetheless warns Plaintiff that any future failure to timely oppose a motion or request for relief—even a dispositive motion—may result in such motion being deemed unopposed.

5

the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B. Discussion

First, the Court addresses Defendants' attacks on Plaintiff's individual claims. Second, the Court addresses Defendants' shotgun pleading argument.

#### 1. Plaintiff's claims of retaliation (under federal and state law), intentional infliction of emotional distress, veteran's benefits discrimination (under state law), and violations of the FMLA will be dismissed with prejudice

Defendants contend that Plaintiff's individual claims fail because the Complaint omits allegations establishing at least one element of each claim. Most relevant here, Defendants argue:

- Plaintiffs' discrimination and retaliation claims against Defendant Marino fail because the ADA, Title VII, and the LEDL each provide a right of action against an employer *only*, not an individual supervisor, (Doc. 6-1 at p. 8-9);

- Plaintiff's claims of retaliation under the ADA, Title VII, and the LEDL fail because a retaliation claim (under each of these statutes) requires proof that Plaintiff "participated in a protected activity," yet, "[t]he complaint does not contain any allegations that support an inference that the plaintiff engaged in protected activity," (*id.* at p. 13);

- Plaintiff's claim of intentional infliction of emotional distress fails because Plaintiff "has not specified any conduct whatsoever that could be construed as 'extreme and outrageous,'" (*id.* at p. 15);

- Plaintiff's claim of veterans' benefits discrimination under LEDL § 23:331(A) fails because "nothing in the complaint suggests that the plaintiff

6

> was ever seeking any veterans benefits while employed by Allied Universal — let alone that some sort of adverse action was taken against him as a result," (*id.* at p. 16); *and*

- Plaintiff's claim for retaliation under the FMLA fails because Plaintiff does not allege that "he ever needed a leave of absence or otherwise took FMLA leave," (*id.* at p. 16).

Plaintiff *concedes* that Defendant Marino "is not the employer," and that he did not intend to "assert that Marino was liable pursuant to Title VII." (Doc. 7 at pp. 7-8). Otherwise, however, Plaintiff *ignores* the remainder of Defendants' arguments. The Court has conducted its own review, and agrees with Defendants that Plaintiff's claims of retaliation (under federal and state law), intentional infliction of emotional distress, veteran's benefits discrimination, and violations of the FMLA fail for the specific reasons set forth above. Accordingly, these claims must be dismissed.

Generally, when a claim fails, the Court should give the plaintiff a chance to amend under Rule 15(a) before dismissing it with prejudice. A second bite at the apple is not required, however, where amendment would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable"). Here, the Court interprets Plaintiff's failure to address the specific deficiencies identified above as a tacit concession that these claims cannot be improved.[2] Accordingly, these claims

---

[2] This Court has repeatedly warned that a party waives an issue by failing to brief it. The Local Rules expressly require that parties support their arguments with "a concise statement of reasons ... and citations of authorities," M.D. La. LR 7(d), and this Court has neither the time nor the resources to speculate on arguments that have not been advanced, or to develop arguments on a party's behalf. *See Spell v. Edwards*, No. 20-cv-00282, 2022 WL 131249, at

7

will be dismissed with prejudice.

### 2. Defendant Marino will be dismissed with prejudice

Plaintiff concedes that Defendant Marino is not his employer, as required for a viable employment discrimination claim under the ADA, Title VII, and the LEDL. *See Postell v. Lane*, No. 12-cv-00527, 2014 WL 4925665, at *3 (M.D. La. Sept. 30, 2014) (Jackson, J.) ("[R]elief under Title VII or the Louisiana Employment Discrimination Law is only available against an employer, and not against an individual supervisor or fellow employee."); *see also Mays v. Bd. of Commissioners Port of New Orleans*, No. 14-cv-1014, 2015 WL 1245683, at *5 (E.D. La. Mar. 18, 2015) (Brown, J.) (same, dismissing ADA, Title VII, and LEDL claims against employee's supervisor). Further, for reasons set forth above, the Court has dismissed with prejudice Plaintiff's claims for intentional infliction of emotional distress, and violations of the FMLA. Having determined that Plaintiff has not—and *cannot*—plead any viable claims against Defendant Marino, Defendant Marino will be dismissed with prejudice from this action.

### 3. Plaintiff's remaining claims will be dismissed without prejudice to Plaintiff's right to amend

Plaintiff's only remaining claims against Defendant Universal are for unspecified "discrimination" under state and federal law (Claims I, V); unspecified

---

*13 n.7 (M.D. La. Jan. 12, 2022) (Jackson, J.) (citing *Gray v. City of Denham Springs*, No. 19-cv-00889, 2021 WL 1187076, at *5 (M.D. La. Mar. 29, 2021) (Jackson, J.)). Pursuant to the Court's Local Rules, and consistent with the general rule that a party's failure to adequately brief an issue acts as a waiver, the Court determines that Plaintiff has waived his opposition to dismissal of his claims of retaliation (under federal and state law), intentional infliction of emotional distress, veteran's benefits discrimination (under state law), and violations of the FMLA.

"Disability Discrimination" under the LEDL (Claim VI); "Disability Discrimination in Federal Law" due to Universal's failure "to provide reasonable accommodation [sic]" (Claim VII), and Plaintiff's request for attorney's fees (Claim III). These claims must also be dismissed—albeit without prejudice—because Plaintiff's shotgun pleading fails to provide Universal with reasonable notice regarding the nature and scope of his concerns.

Rule 8 states that a complaint *must* contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 10 "[a] party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Complaints that run afoul of these Rules "are often disparagingly referred to as 'shotgun pleadings.'" *In re Ozcelebi*, 635 B.R. 467, 471 (Bankr. S.D. Tex. 2021) (Rodriguez, B.J.).

Courts have identified four types of "shotgun pleadings." *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).

> The first is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. This leads to a situation where most of the counts contain irrelevant factual allegations and legal conclusions. Second, ... a shotgun pleading occurs when a complaint is full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading ... is a complaint that fails to separate into a different count each cause of action or claim for relief. This type of shotgun pleading violates Rule 10(b). Finally, the fourth type of shotgun pleading ... is a complaint which includes multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*In re Ozcelebi*, 635 B.R. at 471–72 (quotation marks, alterations, and footnotes

9

omitted); *see also Garig v. Travis*, No. 20-cv-654, 2021 WL 2708910, at *17 (M.D. La. June 30, 2021) (deGravelles, J.) (same). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

> Shotgun pleadings are pernicious because they unfairly burden defendants and courts by shifting onto them the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support. If tolerated, shotgun pleadings harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard.

*In re Ozcelebi*, 635 B.R. at 471–72.

Here, remarkably, Plaintiff's Complaint suffers characteristics of all *four* types of shotgun pleadings. It contains irrelevant factual allegations and legal conclusions, states immaterial facts not obviously connected to any particular cause of action, copies wholesale large swaths of statutory text without specifying which provision (if any) the Defendants are accused of violating, and indiscriminately alleges nine claims against two separate Defendants without any indication whether (or how) each Defendant is liable.[3]

---

[3] This is not the first time Plaintiff's counsel has been warned of the perils of shotgun pleading. Indeed, in just the last year, Plaintiff's counsel has been admonished *twice* for submitting shotgun complaints that fail to meet the minimal pleading standards set forth at Rules 8 and 10. *See Garig v. Travis*, No. 20-cv-654, 2022 WL 868519, at *6 (M.D. La. Mar. 22, 2022) (deGravelles, J.); *see also Garig*, 2021 WL 2708910, at *1. Inexplicably, counsel has disregarded these prior admonishments, resulting in wasted judicial resources (as set forth above). *See In re Ozcelebi*, 635 B.R. at 472. **The Court warns Plaintiff's counsel that continued failure to conform her pleadings to the requirements of the Rules of Civil Procedure may result in sanctions.**

10

Moreover, even as Plaintiff's Complaint manages to include vast amounts of immaterial information, it fails to state even the most basic details required to evaluate the merits of his claims, *including* (1) the nature and extent of Plaintiff's disabilities (beyond mere back and knee pain); (2) what limitations, if any, these disabilities impose; (3) what accommodations (if any) Universal provided and/or refused to Plaintiff in light of his disabilities; and (4) the nature of scope of Plaintiff's administrative charge of discrimination, which resulted in the EEOC right to sue letter. Without this information, neither the Defendants nor the Court may accurately assess Plaintiff's genuine claims to determine whether they might have legal support. *See In re Ozcelebi*, 635 B.R. at 472.

Plaintiff's remaining claims against Universal, as they currently stand, fall well short of satisfying the requirements of Rules 8, 10, *and* 12(b)(6). Accordingly, they must also be dismissed. Nonetheless, here the Court will give Plaintiff the benefit of the doubt, and allow Plaintiff to amend his Complaint within 21 days of the date of this Order. Plaintiff's failure to timely amend his Complaint, *or* his failure to conform any amended complaint to the requirements of Rules 8 and 10 will result in dismissal of Plaintiff's action, with prejudice.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion To Dismiss Under Rule 12(b)(6) (Doc. 6)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims of retaliation under federal and state law (Claims II, V), intentional infliction of emotional distress (Claim

11

IV), veteran's benefits discrimination (Claim VII), and violations of the FMLA (Claim IX) be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Gary Marino be and is hereby **DISMISSED WITH PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims against Defendant Universal Protection Service, LLC be and are hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to submit an amended complaint addressing the deficiencies set forth herein within 21 days of the date of this Order. **Plaintiff's failure to timely submit an amended complaint,** *or* **his failure to conform any amended complaint to the requirements of Rules 8 and 10 will result in dismissal of Plaintiff's action, with prejudice.**

Baton Rouge, Louisiana, this 23rd day of May, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**